# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KINSALE INSURANCE COMPANY, <br>     Plaintiff, <br> v. <br> BLACKBRIAR PROTECTIVE SERVICES, LLC, et al., <br>     Defendants. | Case No. 2:25-cv-01651-APG-NJK <br><br> **Order** <br><br> [Docket No. 38] |

Pending before the Court is a joint discovery plan and scheduling order, submitted without the involvement and agreement of all parties. Docket No. 38.

The discovery process is meant to be a cooperative endeavor, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), and is subject to an overriding limitation of good faith, *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). Those same requirements apply to the creation and submission of a joint discovery plan. *See* Local Rule 26-1(a). Parties are expected to comply with the Local Rules and **cooperate** with one another to create and submit a joint discovery plan and scheduling order.

The instant filing does not adhere to the requirement that a single discovery plan be filed jointly. Docket No. 38; *see also* Local Rule 26-1(a). Further, Defendants Jorge Abarca and Cory Nash did not participate in the "mandatory Fed. R. Civ. P. 26(f) conference." *See id.* at 2; *see also* Local Rule 26-1(a). Additionally, Defendant Nash did not sign the instant discovery plan. *See* Docket No. 38 at 7.

The parties are **ORDERED** to adhere to the Federal Rules of Civil Procedure and the Local Rules in all filings with the Court. Sanctions may be imposed for failure to comply with the Local Rules or any order of this court. *See* Local Rule IA 11-8.

Further, the parties are **ORDERED** to participate in a Rule 26(f) conference in which all parties are present and to file a joint discovery plan signed by all parties no later than December 9, 2025. Accordingly, the instant filing is **DENIED** without prejudice. Docket No. 38.

IT IS SO ORDERED.

Dated: November 25, 2025

_____
Nancy J. Koppe
United States Magistrate Judge